Taylor C. J.
delivered the opinion of the Court:
The repeated adjudications which have occurred in this State, throughout a long period of time, which may be dated, at least, as far back as the independence of the State, require it now to be considered as a fixed rule of property, that the possession under a colour of title, must be a continued one of seven years, in order to enable a person to recover in an action of ejectment.
It has been very justly supposed, both by those who made the law of 1715, and by those who have administered it, as far back as we have the means of ascertaining, that this was a reasonable period to warn all adverse claimants, that the person in possession set up an exclusive right, and to challenge them to come forward and exhibit whatever claim they might have against such possession.
*400 But a possession for this period can only meet the spirit and design of the law, when it is unbroken and uninterrupted; for as it is founded on the supposition that the possessor really believes he has title, this idea is weakened rather than confirmed, by his occasionally withdrawing from the possession, and leaving the land without cultivation, without occupancy, and without a tenant.
Thus, the occasional exercise of dominion, by broken and unconnected acts of ownership, over property which may be made permanently productive, is, in no respect, calculated to assert to the world, a claim of right; for such conduct bespeaks, rather the fitful invasions of a conscious trespasser, than the confident claims of a rightful owner.
In this case, the first possession, after the date of the deed to Moss, is that in his father, which continued for two years. This is followed by Vinkler Jones's possession, which two witnesses say, continued four or five years.
It is to be observed, however, that one of these witnesses is altogether silent as to the periods when this possession began or ended; and therefore his testimony is not so satisfactory or convincing as that of the other, who gives a reason for his remembrance, and places the possession before the year 1775, because he then went to Kentucky. This possession therefore must have been before the date of Jones's deed, and as early as that of Moss's, from which to June, 1775, would form only a period of five years.
This is believed to be a correct analysis of the testimony; and if so, there are but four or five years continued possession proved, since the colour of title accrued.—The other possession by the persons of colour, is altogether too vague to be taken into the account; for neither the period of its commencement nor that of its termination is ascertained by proof; it is not sufficiently connected with the other possession nor with the colour of title.
*401 The law arising from the facts which are in proof, does not vest a title in the plaintiff; and if the verdict stands, the plaintiff will have recovered land, of which he is not the owner.
It would introduce much uncertainty into the law, and place land titles upon a very precarious foundation, if the Court were to acquiesce in a verdict so novel, because other juries had done the same. In cases of this sort, the law of a case cannot be separated from its justice. They are indeed, convertible terms; for where the law does not give title to a plaintiff, it cannot be just that he should recover the land and turn another out of possession We are therefor, of opinion that there must be a new trial.——Judgment reversed.
Hall J. gave no opinion; it being an appeal from his decision.